**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **RUTH ADAMS,**<br><br>Plaintiff,<br><br>vs.<br><br>**ASSET RECOVERY ASSOCIATES; and DOES 1 through 10, inclusive,**<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

# COMPLAINT

## *I. INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff, Ruth Adams, an individual consumer, against Defendant, Asset Recovery Associates, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III.   PARTIES

3. Plaintiff, Ruth Adams, is a natural person with a permanent residence in Butte, Silver Bow County, Montana 59701.

4. Upon information and belief, the Defendant, Asset Recovery Associates, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in Lombard, Du Page County, Illinois. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTUAL ALLEGATIONS

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the

money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. On or about July 23, 2013, Defendant, in connection with the collection of the alleged debt, communicated with Plaintiff's mother, who is not a co-signer on the alleged debt, and the communication was not in a manner covered by *§1692b* of the FDCPA.

8. On or about July 24, 2013, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at her place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

9. On or about July 24, 2013, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "You dead beat and bum; I am going to freakin destroy you."

10. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

11. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

13. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by threatening Plaintiff.

## V. FIRST CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

   (b) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

   (c) Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of the alleged

      debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

  (d) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

  (e) Defendant violated *§1692d(1)* of the FDCPA by using violence and/or the threat of the use of violence or other criminal means to harm the physical person, reputation , or property of any person in connection with the collection of an alleged debt; and

  (f) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hearer or reader in connection with the collection of an alleged debt; and

  (g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

16.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Ruth Adams, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Asset Recovery Associates, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

///

///

///

///

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Ruth Adams, demands trial by jury in this action.

Dated: July 10, 2014

                               RESPECTFULLY SUBMITTED,

                               By: /s/ Peter Cozmyk
                               Peter Cozmyk, Esq. (OBN: 0078862)
                               Cozmyk Law Offices, LLC
                               6100 Oak Tree Blvd.
                               Suite 200, Room #209
                               Independence, OH 44131
                               pcozmyk@hotmail.com
                               Telephone: 440-292-7672
                               *Attorney for Plaintiff,*
                               *Ruth Adams*